UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JAKE COLBERT,

    Plaintiff,

vs.                                                        Case No.:

ROLLINS RANCHES, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

## **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAKE COLBERT, ("Plaintiff"), hereby files this Complaint against Defendant, ROLLINS RANCHES, LLC, a Foreign Limited Liability Company ("Defendant"), and states as follows:

## **JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## **PARTIES**

3. At all times material to this action, Plaintiff was a resident of Okeechobee County, Florida.

4. At all times material to this action, ROLLINS RANCHES, LLC was a Foreign Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, specifically, in Okeechobee and Osceola Counties, Florida.

5. At all times material to this action, ROLLINS RANCHES, LLC operated a hunting operation on a wildlife preserve known as Yeehaw Plantation.

6. At all times material to this action, ROLLINS RANCHES, LLC operated a kennel for hunting dogs known as British Gundogs, LLC, on Yeehaw Plantation.

7. At least as of the filing of this Complaint, British Gundogs, LLC, and ROLLINS RANCHES, LLC, share the telephone number (772) 567-9001.

8. Documents, including webpages and social media pages related to ROLLINS RANCHES, LLC (http://www.rollinsranches.net), Yeehaw Plantation (http://www.rollinsranches.net/home/WildLifes.aspx), and British Gundogs, LLC (https://www.british-gundogs.com), are relevant evidence which may be used in this Action, and should be preserved in their current form.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material to this action, Defendant was, and continues to be,

an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers, and vehicles.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. On or about April 21, 2012, Defendant hired Plaintiff to work as a non-exempt electrician.

17. Plaintiff's job duties included, but were not limited to, repairing well pumps, plumbing, electrical work, carpentry, and roofing, including performing such work on a weekly basis for Defendant's hunting operation at Yeehaw Plantation, a hunting preserve.

18. Yeehaw Plantation is home to 6,500 acres of private quail hunting, where old-fashioned hunts are guided throughout the quail hunting season.

19. Plaintiff did not supervise any employees while employed by Defendant.

20. Plaintiff did not have any discretion to make decisions with respect to any matters of significance.

21. At various times material hereto, Plaintiff worked for Defendant in

excess of forty (40) hours within a workweek, specifically, approximately 55 hours minimum per week.

22. From at least April 21, 2012, through the filing of this Complaint, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

25. Defendant has violated Title 29 U.S.C. §207 from at least April 21, 2012, through the filing of this Complaint, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant; and

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

26. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant is and has been aware of the FLSA mandates and their applicability to Plaintiff's employment, but chose

not to pay him at an overtime rate for all of his overtime hours.

27. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff re-alleges paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. From at least April 21, 2012, and continuing through the filing of this Complaint, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek in the three years preceding the date of the filing of the Complaint in this matter.

32. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

33. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in

excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

34. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendant for actual and liquidated damages; (b) a declaration that Defendant's conduct violated the FLSA; and (c) costs, expenses, attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this ___ day of June, 2017.

/s/ Angeli Murthy
Angeli Murthy, Esq.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*

I, JAKE COLBERT, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 5-16-17

                                     JAKE COLBERT